| | |
|---|---|
| JOHN DIBERNARDINO, Esquire<br>I.D. #46769<br>P.O. Box 599<br>Lehighton, PA 18235<br>610-377-6617<br>610-377-8144 (fax) | Attorney for Plaintiff |

**IN THE COURT OF COMMON PLEAS OF**
**SCHUYLKILL COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| PAULETTE B. GIGLI | : | JURY TRIAL DEMANDED |
| | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff | : | No: S 1056 2006 |
| | : | |
| vs. | : | |
| | : | |
| PALISADES COLLECTION L.L.C. | : | |
| And WOLPOFF & ABRAMSON, | : | |
| L.L.P. And BRUCE H. CHERKIS, | : | |
| ESQUIRE | : | |
| Defendants | : | |

## N O T I C E

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

MIDPENN LEGAL SERVICES<br>
315 Centre Street, Suite 201<br>
Pottsville, PA 17901<br>
(570) 628-3931<br>
(800) 299-6599

JOHN DIBERNARDINO, Esquire        Attorney for Plaintiff
I.D. #46769
P.O. Box 599
Lehighton, PA 18235
610-377-6617
610-377-8144 (fax)

IN THE COURT OF COMMON PLEAS OF
SCHUYLKILL COUNTY, PENNSYLVANIA

| | |
|---|---|
| PAULETTE B. GIGLI | : JURY TRIAL DEMANDED |
| | : CIVIL ACTION – LAW |
| Plaintiff | : No: S 1056 2006 |
| vs. | : |
| PALISADES COLLECTION LLC And WOLPOFF & ABRAMSON, L.L.P. And BRUCE H. CHERKIS, ESQUIRE | : |
| Defendants | : |

## COMPLAINT

1. The Plaintiff, Paulette B. Gigli, (Gigli) is an adult individual who resides at 481 Blue Mountain Drive, New Ringgold, Schuylkill County, Pa.

2. The Defendant, Palisades Collection, L.L.C., (Palisades) is a corporation which regularly conducts business in the Commonwealth of Pennsylvania as a "debt collector" as that term is defined in the Fair Debt Collection Practices Act (15 USC 1692a(6)) and the Pennsylvania Fair Credit Extension Uniformity Act (73 PA.C.S.A. 2270.3).

3. The Defendant, Wolpoff and Abramson, L.L.P., (Wolpoff) is a business entity and a law firm whose attorneys regularly practice in the Commonwealth of Pennsylvania and is a "debt collector" as that term is defined in the Fair Debt Collection Practices Act (15 USC 1692a(6)) and the Pennsylvania Fair Credit Extension Uniformity Act (73 PA.C.S.A. 2270.3). Wolpoff is the employer of Defendant Bruce H. Cherkis, Esquire and as such establishes the policies and procedures for collection of debts by its attorneys, including Mr. Cherkis.

4. The Defendant, Bruce H. Cherkis, Esquire (Cherkis) is an attorney affiliated with Wolpoff who is licensed to practice law in the Commonwealth of Pennsylvania and is a "debt collector" as that term is defined in the Fair Debt Collection Practices Act (15 USC 1692a(6)).

5. On May 20, 2005, Palisades commenced suit against Gigli in the Magisterial District Court 21-3-06 of District Judge Andrew B. Zelonis docketed to number CV-133-05.

6. The caption of that suit was Palisades Collection, L.L.C. a Delaware Limited Liability Company Assignee of Bank One c/o Wolpoff & Abramson, L.L.P. vs. Paulette B. Gigli.

7. The Complaint was signed by Cherkis as counsel for Palisades.

8. In the Complaint, it was alleged that Gigli was obligated to Palisades for a balance due on a revolving credit account that was assigned by Bank One to Palisades for $4,705.14. Attached hereto as Exhibit "A" and incorporated herein by reference is a copy of the Complaint.

9. Gigli retained the undersigned to defend her in connection with the suit filed against her.

10. On June 6, 2005 Gigli through her counsel wrote to Cherkis informing him of his representation of Gigli and that Gigli would be defending the action. This correspondence further requested documentary proof of the legal standing of Palisades to file the suit, the payment history on the account and the original contact between Gigli and the original lender establishing her liability for charges or other debts allegedly incurred on the account. Attached hereto as Exhibit "B" and incorporated herein by reference is a copy of this correspondence.

11. In response, on June 22, 2005 Wolpoff through another of its attorneys, Philip C. Warholic, Esquire, wrote to District Judge Zelonis requesting that the Complaint be dismissed without prejudice. Attached hereto as Exhibit "C" and incorporated herein by reference is a copy of this letter. The Court dismissed Palisades' Complaint on June 22, 2005. Attached hereto as Exhibit "D" and incorporated herein by reference is a copy of the Dismissal Order.

12. Despite requesting the documents substantiating the viability of the action commenced against Gigli from Wolpoff on two occasions, Wolpoff has failed to provide such supporting documentation for the suit.

13. Gigli believes and therefore avers that she was not legally liable for the damages claimed in the suit against her.

## COUNT I
## FAIR DEBT COLLECTIONS PRACTICES ACT
## PAULETTE B. GIGLI vs. PALISADES COLLECTION, L.L.C.

14. Plaintiff hereby incorporates by reference the preceding thirteen (13) paragraphs of this Complaint as if each were set forth herein at length.

15. In its suit against Gigli, Palisades falsely represented the character, amount and legal status of the alleged debt owed it by Gigli as well as its standing to collect said alleged debt in violation of the Fair Debt Collection Practices Act (FDCPA) 15 USC 1692e(2)(A).

16. In its suit against Gigli, Palisades attempted to collect amounts from Gigli, including the amount set forth for interest, for which Gigli was not liable to Palisades, in violation of the FDCPA 15 USC 1692f(1).

17. As a result of these unfair and false representations by Palisades, Gigli suffered damages consisting of the legal fees incurred in defending the action brought against her; emotional distress, including anxiety, worry, severe stress, embarrassment, anger and loss of concentration; statutory damages; costs and reasonable attorneys fees incurred in the prosecution of this action.

WHEREFORE, Plaintiff Paulette B. Gigli demands judgment against the Defendant, Palisades Collection, L.L.C. in an amount not in excess of $35,000 for actual damages, statutory damages, costs and reasonable attorney's fees.

## COUNT II
## PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## PAULETTE B. GIGLI VS PALISADES COLLECTION, L.L.C.

18. Gigli hereby incorporates by reference the preceding 17 paragraphs of this complaint as if each were set forth herein at length.

19. Palisades' conduct as set forth in the preceding paragraphs of this Complaint violates the Pennsylvania Fair Credit Extension Uniformity Act (PFCEUA) 73 Pa.C.S.A. 2270.4(a).

20. As a result of the conduct of Palisades, Gigli suffered damages pursuant to 73 Pa.C.S.A. 201-9.2(a) consisting of the attorney's fees incurred defending the action brought against her, trebled statutory damages, costs and reasonable attorney's fees incurred in the prosecution of this claim.

WHEREFORE, Plaintiff Paulette B. Gigli demands judgment against the Defendant, Palisades Collection, L.L.C. in an amount not in excess of $35,000 for actual damages, trebled statutory damages, costs and reasonable attorney's fees.

## COUNT III
## WRONGFUL USE OF CIVIL PROCEEDINGS
## PAULETTE B. GIGLI VS. PALISADES COLLECTION, L.L.C.

21. Plaintiff hereby incorporates by reference the preceding 20 paragraphs of this complaint as if each were set forth herein at length.

22. At the time it filed the complaint against Gigli, Palisades did not have in its possession admissible evidence to establish that Gigli owed Palisades the amounts set forth in the complaint.

23. At the time it filed the complaint against Gigli, Palisades did not reasonably believe that the facts in its possession established a valid cause of action against Gigli under either existing or developing law.

24. Plaintiff believes and therefore avers that at the time it filed the complaint against Gigli, Palisades did not rely on the good faith advice of counsel, after full disclosure to counsel of all relevant facts, that Palisades possessed a valid cause of action against Gigli.

25. The filing of the Complaint by Palisades against Gigli was done in a grossly negligent manner, without probable cause and for an improper purpose.

26. The admissible facts and documentary substantiation for the claim brought by Palisades against Gigli that was in Palisades' possession of at the time of the filing the Complaint did not form a reasonable basis that Palisades had a valid claim against Gigli.

27. The Complaint brought by Palisades against Gigli was terminated in favor of Gili.

28. As a result of the acts of Palisades, Gigli has suffered damages consisting of the attorney's fees incurred in defending herself in the litigation brought by Palisades and emotional distress.

WHEREFORE, Plaintiff Paulette B. Gigli demands judgment against the Defendant Palisades Collection, L.L.C. in an amount not in excess of $35,000.00 for actual damages, emotional distress, punitive damages and costs.

## COUNT IV
## PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## PAULETTE B. GIGLI vs. PALISADES COLLECTION, L.L.C.

29. Plaintiff hereby incorporates by reference the preceding 28 paragraphs of this Complaint as if each were set forth herein at length.

30. In the alternative, if after discovery it is determined that Palisades was not a debt collector but rather a "creditor" as that term is defined in the FDCPA and the PFCEUA, Palisades violated the PFCEUA, 73 Pa.C.S.A. 2270.4(b)(5)(ii) by falsely representing the character, amount and legal status of the alleged debt it claimed was owed by Gigli in its law suit against her.

31. Plaintiff hereby incorporates by reference her damages set forth in paragraph 20 as if set forth herein at length.

WHEREFORE, Plaintiff, Paulette B. Gigli requests judgment against the Defendant, Palisades Collection, L.L.C. in an amount not in excess of $35,000.00 pursuant to 73 Pa.C.S.A. 201-9.2(a) for actual damages, trebled statutory damages, costs and reasonable attorney's fees.

## COUNT V
## NEGLIGENCE
## PAULETTE B. GIGLI vs. WOLPOFF & ABRAMSON, L.L.P.

32. Plaintiff hereby incorporates by reference the preceding 31 paragraphs of this Complaint as if each were set forth herein at length.

33. Wolpoff established, and is responsible for enforcing, the policies and procedures to be employed by its attorneys, including Defendant, Cherkis, concerning the filing of collection suits.

34. Wolpoff is responsible for supervising the collection activities of its attorney's, including Defendant, Cherkis, to ensure compliance with federal and state laws, including the FDCPA, PFCEUA and the law governing Wrongful Use of Civil Proceedings.

35. Wolpoff failed to properly supervise Defendant, Cherkis' initiation of litigation against Gigli to ensure it was in compliance with federal and state laws as well as Wolpoff's own policies and procedures.

36. As the result of the omissions of Wolpoff, Gigli suffered damages consisting of the attorney's fees incurred defending the action brought against her.

WHEREFORE, Plaintiff, Paulette Gigli demands judgment against the Defendant, Wolpoff & Abramson, L.L.P. in an amount not in excess of $35,000 plus costs

## COUNT VI
## FAIR DEBT COLLECTION PRACTICES ACT
## PAULETTE B. GIGLI VS. WOLPOFF & ABRAMSON, L.L.P.

37. Plaintiff hereby incorporates by reference the preceding 36 paragraphs of this complaint as if each were set forth herein at length.

38. As the employer of Defendant Cherkis who filed the suit by Palisades against Gigli, Wolpoff is responsible for the acts of Cherkis undertaken during the normal course of Cherkis' employment with Wolpoff.

39. Defendant Cherkis' act of filing suit against Gigli was done in the normal course of his employment with Wolpoff.

40. In the suit commenced against Gigli, Wolpoff falsely represented the character, amount and legal status of the alleged debt owed by Gigli as well as Palisades' standing to collect said alleged debt in violation of the FDCPA 15 USC 1692e(2)(A).

41. In the suit commenced against Gigli, Wolpoff attempted to collect amounts from Gigli, including the amounts set forth for interest, for which Gigli was not liable in violation of the FDCPA 15 USC 1692f(1).

42. As a result of these unfair and false representations by Wolpoff, Gigli suffered damages consisting of the legal fees incurred in defending the action brought against her; emotional distress, including anxiety, worry, severe stress, embarrassment, anger and loss of concentration; statutory damages, costs and reasonable attorneys fees incurred in the prosecution of this action.

WHEREFORE, Plaintiff Paulette B. Gigli demands judgment against the Defendant, Wolpoff & Abramson, L.L.P. in an amount not in excess of $35,000 for actual damages, statutory damages, costs and reasonable attorney's fees.

## COUNT VII
### PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### PAULETTE B. GIGLI VS. WOLPOFF & ABRAMSON, L.L.P.

43. Plaintiff hereby incorporates by reference the preceding 42 paragraphs of this complaint as if each were set forth herein at length.

44. Wolpoff's conduct as set forth in the preceding paragraphs of this Complaint violates the PFCEUA, 73 Pa.C.S.A. 2270.4(a).

45. As a result of the conduct of Wolpoff, Gigli suffered damages pursuant to 73 Pa. C.S.A. 201-9.2(a) consisting of the attorney's fees incurred defending the action brought against her, trebled statutory damages, costs and reasonable attorney's fees incurred in the prosecution of this claim.

WHEREFORE, Plaintiff Paulette B. Gigli demands judgment against the Defendant, Wolpoff & Abramson, L.L.P. in an amount not in excess of $35,000 for actual damages, trebled statutory damages, costs and reasonable attorney's fees.

## COUNT VIII
### WRONGFUL USE OF CIVIL PROCEEDINGS
### PAULETTE B. GIGLI VS. WOLPOFF & ABRAMSON, L.L.P.

46. Plaintiff hereby incorporates by reference the preceding 44 paragraphs of this complaint as if each were set forth herein at length.

47. At the time it filed the complaint against Gigli, Wolpoff did not have in its possession admissible evidence to establish that Gigl owed Palisades the amounts set forth in the complaint.

48. At the time it filed the complaint against Gigli, Wolpoff did not reasonably believe that the facts in its possession established a valid cause of action against Gigli under either existing or developing law.

49. The filing of the Complaint by Wolpoff against Gigli was done in a grossly negligent manner, without probable cause, and for an improper purpose.

50. The admissible facts and documentary substantiation for the claim brought by Palisades against Gigli that was in Wolpoff's possession at the time of the filing of the Complaint did not form a reasonable basis that Palisades had a valid claim against Gigli.

51. The Complaint brought by Palisades against Gigli was terminated in favor of Gigli.

52. As a result of the acts of Wolpoff, Gigli has been forced to suffer damages consisting of the attorney's fees incurred in defending herself in the litigation brought by Wolpoff and emotional distress.

WHEREFORE, Plaintiff Paulette B. Gigli demands judgment against the Defendant Wolpoff and Abramson, L.L.P., in an amount not in excess $35,000.00 for actual damages, emotional distress, punitive damages and costs.

## COUNT IX
## FAIR DEBT COLLECTION PRACTICES ACT
## PAULETTE B. GILI vs. BRUCE H. CHERKIS, ESQUIRE

53. Plaintiff hereby incorporates by reference the preceding 52 paragraphs of this Complaint as if each were set forth herein at length.

54. In the suit he initiated against Gigli, Cherkis falsely represented the character, amount and legal status of the alleged debt owed Palisades by Gigli as well as Palisades' standing to collect said alleged debt in violation of the FDCPA 15 USC 1692e(2)(A).

55. In the suit he initiated against Gigli, Cherkis attempted to collect amounts from Gigli, including the amount set forth for interest, for which Gigli was not liable to Palisades, in violation of the FDCPA 15 USC 1692f(1).

56. As a result of the unfair and false representations initiated by Cherkis, Gigli suffered damages consisting of the legal fees incurred in defending the action brought against her; emotional distress, including anxiety, worry, severe stress, embarrassment, anger and loss of concentration; statutory damages; costs and reasonable attorneys fees incurred in the prosecution of this action.

WHEREFORE, Plaintiff, Paulette Gigli demands judgment against the Defendant, Bruce H. Cherkis, Esquire in an amount not in excess of $35,000 for actual damages, statutory damages, costs and reasonable attorney's fees.

## COUNT X
## WRONGFUL USE OF CIVIL PROCEEDINGS
## PAULETTE B. GIGLI VS. BRUCE H. CHERKIS, ESQUIRE

57. Plaintiff hereby incorporates by reference the preceding 56 paragraphs of this complaint as if each were set forth herein at length.

58. At the time he signed the Complaint brought against Gigli, Cherkis was not in possession of facts and documentary substantiation sufficient for him to reasonably believe that the Complaint he filed could be validly brought against Gigli by Palisades.

59. Cherkis signed and initiated the suit on behalf of Palisades against Gigli maliciously, for an improper purpose and without probable cause.

60. As a result of the actions of Cherkis, Gigli suffered damages consisting of the attorney's fees incurred in defense of the litigation he brought against her and emotional distress.

WHEREFORE, Plaintiff, Paulette B. Gigli demands judgment against the Defendant, Bruce H. Cherkis, Esquire in an amount not in excess of $35,000.00 for actual damages, emotional distress, punitive damages and costs.

John DiBernardino, Esquire
Attorney for Plaintiff
P.O. Box 599
Lehighton, PA  18235
(610) 377-6617
(610) 377-8144 (fax)

## VERIFICATION

I verify that the statements made in this Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

*[signature]*
Paulette B. Gigli

Dated:

```
HONORABLE ANDREW B. ZELONIS
REAR 320 EAST BROAD STREET

TAMAQUA        PA 182520000

570-668-3535
```

PLAINTIFF:  NAME and ADDRESS

PALISADES COLLECTION, L.L.C.
A DELAWARE LIMITED LIABILITY COMPANY
ASSIGNEE OF BANK ONE

c/o WOLPOFF & ABRAMSON, L.L.P.
267 EAST MARKET STREET
YORK, PA 17403

**VS.**

DEFENDANT:  NAME and ADDRESS

PAULETTE B GIGLI

481 BLUE MOUNTAIN DR
NEW RINGGOLD PA   17960-9381

570-386-4565

Docket No.: CV-133-05
Date Filed: 5/20/05

| | AMOUNT | DATE PAID |
|---|---|---|
| FILING COSTS | $ 110.50 | / / |
| POSTAGE | $ 10.00 | / / |
| SERVICE COSTS | $ | / / |
| CONSTABLE ED. | $ | / / |
| TOTAL | $ 120.50 | 5/20/05 |

**TO THE DEFENDANT:** The above named plaintiff(s) asks judgment against you for $7832.96, inclusive of interest, plus costs upon the following claim (Civil fines must include citation of the statute or ordinance violated):

Plaintiff's assignor issued a revolving credit account to Defendant which was subject to terms and conditions as outlined and agreed upon by Defendant, which included, but were not limited to, interest, and all court and collection costs in the event of default in payment. Defendant utilized said revolving credit account to obtain extensions of credit which Defendant used for the purchase of product goods and/or for obtaining services from Plaintiff assignor and subsequently incurred a delinquent balance due and owing in the amount of $4705.14. Despite Plaintiff's assignor reasonable and repeated demands for payment, Defendant has failed, refused and continues to refuse to pay all sums due and owing on Defendant's account balance, all to the damage and detriment of Plaintiff. To date, the balance due, owing and unpaid on Defendant's account with Plaintiff is $4705.14.

Wherefore, Plaintiff respectfully requests this Honorable Court enter judgment in favor of Plaintiff and against Defendant in the amount of $4705.14, plus interest at the rate of 18.00% from 08/31/01 in the amount of $3127.82, plus the costs of this action, and such other relief as the Court deems just and proper.

I, hereby verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information and belief, based upon information provided by the Plaintiff. This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. Section 4904) related to unsworn falsification to authorities.

Plaintiff's Attorney: Amy F. Doyle      #87062 / Daniel F. Wolfson   #20617
                     Bruce H. Cherkis   #18837 / Philip C. Warholic  #86341
                     Ronald S. Canter   #94000 / Ronald M. Abramson  #94266
                     Donald P. Shiffer  #89451 / Andrew C. Spears    #87737

(Signature of Plaintiff or Authorized Agent)

Address:    WOLPOFF & ABRAMSON, L.L.P. / Counsel for Plaintiff
            Attorneys in the Practice of Debt Collection
Telephone:  267 East Market St., York, PA 17403 / (717) 846-1252

**IF YOU INTEND TO ENTER A DEFENSE TO THIS COMPLAINT, YOU SHOULD SO NOTIFY THIS OFFICE IMMEDIATELY AT THE ABOVE TELEPHONE NUMBER. YOU MUST APPEAR AT THE HEARING AND PRESENT YOUR DEFENSE. UNLESS YOU DO, JUDGMENT MAY BE ENTERED AGAINST YOU BY DEFAULT.**

If you have a claim against the plaintiff which is within district justice jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five (5) days before the date set for the hearing.

**If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation.**

AOPC 308A-03
PADJCC (03/02/05)        DJDBNF/PADJ    W&A FILE NO.  132669860

EXHIBIT "A"

### Law Office of
### JOHN DIBERNARDINO
417 Iron Street
P.O. Box 599
Lehighton, PA 18235

E-Mail: diberlaw@ptd.net     (610) 377-6617     Fax (610) 377-8144

June 6, 2005

(via fax to 717-737-9051)
Bruce Cherkis, Esquire
Wolpoff & Abramson, LLP
267 East Market Street
York, PA 17403

      RE: Palisades Collection v. Gigli
           CV-133-05

Dear Mr. Cherkis:

    Enclosed please find a copy of my notification to the District Court that I represent the Defendant in this matter and that we will be defending this action. As I am now representing the Defendant, you, your firm and your client are advised to cease all further direct communication with her.

    My client and I have reviewed your Complaint. She does not recall having any loan with Bank One or any other dealings with your client, Palisades Collection, L.L.C. Therefore, I request your provide me the following information for me to evaluate your claim prior to the hearing:

        1) A copy of the original contract and any other basis for liability between my client and the original lender;

        2) Copies of any assignments or other contracts between the original lender, any other parties that once owned the account as well as the contract or other authority by which you assert your client has standing to make this claim;

        3) An itemized payment history showing how you arrived at the amount claimed in the Complaint which shows the amounts and dates of all payments that have been made on the account by my client or anyone else acting on her behalf, such as a debt management company.

    I look forward to promptly receiving this information from you. Should you have any questions, please feel free to contact me.

                                        Sincerely,

                                        John DiBernardino

JD:ssb
xc: Paulette Gigli                 **EXHIBIT "B"**

[Letterhead with multiple office locations including: Virginia Beach VA; Wilmington DE; Westlake Village CA; Camp Hill PA; Rochester NY; Southlake TX; Glastonbury CT; Birmingham AL; Anchorage AK; Phoenix AZ; Cabot AR; Honolulu HI; Boise ID; Merrillville IN; Kansas City KS; Lexington KY; Metairie LA; Minneapolis MN; St. Louis MO; Great Falls MT; Omaha NE; Las Vegas NV; Manchester NH; Cedar Knolls NJ; Oklahoma City OK; Eugene OR; Providence RI; Columbia SC; Knoxville TN; Houston TX; Sandy UT; Milwaukee WI; Rawlins WY]

NATIONAL COLLECTION ATTORNEY NETWORK
AFFILIATED FIRM LOCATIONS (NOT REGIONAL OFFICES OF WOLPOFF & ABRAMSON, L.L.P.)*

4600 [illegible] ROAD
3RD FLOOR
CAMP HILL, PA [illegible]

717-303-6700

OUTSIDE THE CAMP HILL LOCAL AREA
(TOLL FREE)
1-800-758-0575

FACSIMILE 717-737-9051

PLEASE DIRECT ALL INQUIRIES TO THE CAMP HILL OFFICE

*The National Collection Attorney Network is an affiliation of separate law firms.

W&A Hours of Operation:
8 a.m. – 6 p.m. EST M-F

June 22, 2005

Magisterial Court # 21-3-06

District Justice Zelonis
Rear 320 East Broad Street
Tamaqua, Pa 18252

RE: Palisades Collection v. Paulette Gigli
    cv-133-05

Dear Judge:

As your records may reflect, this office represents the Plaintiff in the above referenced matter. Kindly allow this correspondence to serve as a request for the Complaint in the above referenced matter be dismissed without prejudice. Kindly note that this account is not settled.

Thank you for your anticipated professional cooperation. Should you have any questions or if you would like to discuss this matter in greater detail, please do not hesitate to contact the undersigned.

Sincerely,

Wolpoff & Abramson, L.L.P.

P. C. Warholic

Philip C. Warholic, Esquire

PCW/czf

Cc: Attorney Dibernardino, via facsmilie

EXHIBIT "C"

COUNTY OF: SCHUYLKILL

Mag. Dist. No: **21-3-06**

MDJ Name: Hon.
**ANDREW B. ZELONIS**
Address: **REAR 320 E BROAD ST**
**TAMAQUA, PA**

Telephone: **(570) 668-3535**   **18252-0000**

ATTORNEY DEF PRIVATE :

**JOHN J. DIBERNARDINO**
**417 IRON ST**
**BOX 599**
**LEHIGHTON, PA 18235**

CIVIL CASE

PLAINTIFF: NAME and ADDRESS
**PALISADES COLLECTION, L.L.C.**
**267 E. MARKET ST.**
**YORK, PA 17403**

VS.

DEFENDANT: NAME and ADDRESS
**GIGLI, PAULETTE B**
**481 BLUE MTN DRIVE**
**NEW RINGGOLD, PA 17960-9381**

Docket No.: **CV-0000133-05**
Date Filed: **5/20/05**

THIS IS TO NOTIFY YOU THAT:   **GIGLI, PAULETTE B**   DEF 001
Judgment: **DISMISSED W/O PREJUDICE**

☐ Judgment was entered for: (Name) _____

☐ Judgment was entered against: (Name) _____

  in the amount of $ _____ on: (Date of Judgment) _____

☐ Defendants are jointly and severally liable.   (Date & Time) _____

☐ Damages will be assessed on:

| | |
|---|---|
| Amount of Judgment | $_____.00 |
| Judgment Costs | $_____.00 |
| Interest on Judgment | $_____.00 |
| Attorney Fees | $_____.00 |
| **Total** | $_____.00 |
| Post Judgment Credits | $_____ |
| Post Judgment Costs | $_____ |
| **Certified Judgment Total** | $_____ |

☒ This case dismissed without prejudice.

☐ Amount of Judgment Subject to Attachment/42 Pa.C.S. § 8127 $ _____

☐ Portion of Judgment for physical damages arising out of residential lease $ _____

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF THE COURT OF COMMON PLEAS, CIVIL DIVISION. YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGEMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

6/21/05 Date _____ _Andrew B. Zelonis_ , Magisterial District Judge

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.
_____ Date _____, Magisterial District Judge

My commission expires first Monday of January, **2006**.    SEAL

AOPC 315-05   **DATE PRINTED: 6/22/05  10:10:03 AM**

EXHIBIT "D"

John DiBernardino, Esquire                             Attorney for Plaintiff
I.D. #46769
P.O. Box 599
Lehighton, PA 18235
(610) 377-6617
(610) 377-8144 fax

---

| | | |
|---|---|---|
| Paulette B. Gigli<br>481 Blue Mountain Drive<br>New Ringgold, PA 17960 | | : IN THE COURT OF COMMON PLEAS OF<br>: SCHUYLKILL COUNTY, PENNSYLVANIA<br>: |
| | Plaintiff | : No. S 1056 2006<br>: Civil Action Law |
| vs. | | : |
| Palisades Collection, L.L.C.<br>210 Sylvan Avenue<br>Engle Wood Cliffs, NJ 07632<br>and<br>Wolpoff & Abramson, LLP<br>Two Irvington Centre<br>702 King Farm Boulevard<br>Rockville, MD 20850-5775<br>and<br>Bruce H. Cherkis, Esquire<br>Two Irvington Centre<br>702 King Farm Boulevard<br>Rockville, MD 20850 | | : Jury Trial Demanded<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| | Defendants | : |

---

## CERTIFICATION OF SERVICE

I, John DiBernardino, Esquire, Attorney for the Plaintiff, Paulette B. Gigli, hereby certify that on this date, the Notice, Complaint, Verification and Certification of Service, was served upon those listed below, by mailing a copy of same by first class mail.

| | | |
|---|---|---|
| Wolpoff & Abramson, LLP<br>Officer, Partner, Trustee<br>Manager or Clerk<br>Two Irvington Centre<br>702 King Farm Blvd.<br>Rockville, MD 20850-5775 | Palisades Collection, LLC<br>Officer, Partner, Trustee<br>Manager or Clerk<br>210 Sylvan Avenue<br>Engle Wood Cliffs, NJ 07632 | Bruce H. Cherkis, Esquire<br>Two Irvington Centre<br>702 King Farm Blvd.<br>Rockville, MD 20850 |

_____
John DiBernardino, Esquire
Attorney for Plaintiff
P.O. Box 599
Lehighton, PA 18235
610-377-6617
610-377-8144 (fax)

Dated: June 29, 2006

13266698660-2